IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20662
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HOWARD EARL THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
April 16, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Howard Earl Thomas is a codefendant of Deon Tarral McDaniel
and Louis Bernard Davis, all three having been charged with
robbery and use of a firearm in a crime of violence. Thomas also
pleaded guilty and was sentenced with McDaniel and Thomas.
Thomas appeals his sentence.

Thomas argues that the district court erred in increasing

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

his offense level under section 2B3.1 of the Sentencing Guidelines based on serious bodily injury to a victim because the victim's injuries were not "serious" and because that section of the Sentencing Guidelines is unconstitutionally vague. The pertinent facts of Davis's and McDaniel's appeals are identical, and these are essentially the same arguments McDaniel raised. We disposed of McDaniel's claims in *United States v. McDaniel*, No. 96-20610, which was issued today, and for the reasons given in *McDaniel*, we reject Thomas's claims.

Thomas raises one other claim not addressed in *McDaniel*. Thomas argues that the district court impermissibly engaged in double counting by raising his offense level two levels for reckless endangerment during flight after previously adding a three-level adjustment for firing at an officer. Thomas asserts that both enhancements were made based on the same conduct -- the flight. This court reviews the application of the sentencing guidelines de novo and the district court's findings of fact for clear error. *United States v. Wimbish*, 980 F.2d 312, 313 (5th Cir. 1992).

USSG section 3C1.2 mandates a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The adjustment should not be applied "where the offense guideline in Chapter Two, or another

2

adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely *on the basis of the same conduct*." USSG § 3C1.2 commentary at n.1 (emphasis added)*; see also United States v. Cabral-Castillo*, 35 F.3d 182, 188 (5th Cir. 1994). Thomas's PSR recommended that his offense level be increased by two pursuant to this section "as the defendants shot at police while being pursued through a residential area and recklessly created a risk of death or serious bodily injury to Kim Vo, who was exposed to the gunfire."

USSG section 3A1.2(b) mandates a three-level increase if, during the offense or immediate flight, the defendant or person for whose conduct the defendant is accountable, assaults a person known to be a law enforcement officer in a manner creating a substantial risk of serious bodily injury. Thomas's PSR recommended that the adjustment be given as "the defendants assaulted Missouri Police Officer Lemerond by shooting at him, thereby, creating a substantial risk of bodily injury." In an addendum to the PSR, the probation officer stated that the same conduct was not used for both enhancements as the section 3C1.2 adjustment was based upon Kim Vo's exposure to gunfire in her neighborhood while the section 3A1.2 adjustment was based upon shots fired as the defendants left the bank.

Thomas relies upon *Cabral-Castillo* in arguing that he was subjected to impermissible double counting. In *Cabral-Castillo*,

3

this court found that the district court erred by upwardly adjusting a defendant's base offense level for use of a dangerous weapon and for reckless endangerment during flight because both enhancements were based upon the defendant's driving at a border patrol agent at a high rate of speed. 35 F.3d at 188. This case is easily distinguishable from *Cabral-Castillo* for although both instances arose during the same flight from the bank they were distinct incidents, separated in time from one another, and directed at different victims. The district court did not commit clear error.

For the forgoing reasons, we AFFIRM Thomas's sentence.